

**FILED**
**APRIL 13, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIE G. WALKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-085 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

On December 29, 2008, petitioner filed a Petition for a Writ of Habeas Corpus by a Person in State Custody in the United States District Court for the Southern District of Texas, Houston Division. The Southern District transferred the case to this Court on March 31, 2009. In his petition, the petitioner challenges the result of a December 21, 2001 prison disciplinary proceeding. The undersigned United States Magistrate Judge recommends the petition be DISMISSED for the following reasons.

First, petitioner failed to sign the Petition, as required by Rule 11 of the Federal Rules of Civil Procedure, which states, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Petitioner's unsigned petition is not sufficient to actually initiate a federal case.

Second, even if petitioner had validly brought a habeas corpus petition, he is time barred

under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), which mandates, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). According to petitioner, the determination of guilt from the disciplinary violation is December of 2001. In order to avoid the AEDPA time limitations, petitioner's complaint was due in December of 2002, barring any equitable tolling. Petitioner filed the instant habeas corpus claim on December 29, 2009—six years after the AEDPA deadline had passed and without any explanation for the delay. Petitioner is therefore time barred from filing the instant claim.

Third, in order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must be eligible for mandatory release. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). While petitioner failed to state the offense for which he is serving prison time, the website maintained by the Texas Department of Criminal Justice indicates petitioner was convicted of aggravated assault in Bell County, Texas on June 22, 2004. He is therefore ineligible for release on mandatory supervision and unable to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus. *See id.*; TEX. GOV'T CODE ANN. § 508.149(a)(7).

Fourth, in order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner additionally must have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi*, 211 F.3d at 958. In his habeas application, petitioner acknowledges he did not lose any previously accrued good time credits. Petitioner is therefore ineligible for habeas corpus relief.

Finally, petitioner fails to raise any facts upon which any viable habeas corpus claim could be based. Petitioner merely claims that he was put into solitary confinement, that he was "treated wrong," and that "[i]t was wrong for the Lt. to do what he did to get me." Petition for a Writ of Habeas Corpus by a Person in State Custody, pg. 7. These claims, without any explanation or analysis, are all insufficient to raise any meritorious grounds for habeas corpus relief.

For these reasons, petitioner is not entitled to federal habeas corpus relief and his petition should be DISMISSED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner WILLIE G. WALKER be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of April, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).